**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan GONZALEZ–MENDOZA,
Defendant–Appellant.**

No. 04–41277.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 27, 2006.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff-Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office Southern District of

---

Texas, Houston, TX, for Defendant–Appellant.

[REDACTED]

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM: [*]

Juan Gonzalez–Mendoza (Gonzalez) appeals following his conviction and sentence for illegal reentry of the United States following deportation. Gonzalez contends that the district court reversibly erred under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines. There was no *"Booker"* error or Sixth Amendment violation because the only enhancement to Gonzalez's sentence was for his prior conviction. *See Booker*, 125 S.Ct. at 756, 769. Nevertheless, the district court committed *"Fanfan"* error by sentencing Gonzalez pursuant to a mandatory application of the Sentencing Guidelines. *See United States v. Walters*, 418 F.3d 461, 463–64 (5th Cir.2005). We have previously rejected Gonzalez's claim that such error is "structural" in nature. *See id.* at 463.

The Government concedes that Gonzalez preserved his *Fanfan* argument. Accordingly, this court reviews the claim for harmless error. *See id.* at 464.

The Government argues that the district court's error in sentencing under a mandatory application of the Sentencing Guidelines was harmless because the district court determined Gonzalez's sentence by considering the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a). Because the Government has failed to carry its burden of showing beyond a reasonable doubt that the error did not affect Gonzalez's sentence, we will vacate the sentence and remand for resentencing. *See id.*

Gonzalez contends that the district court erred in determining that his California marijuana conviction was a "drug trafficking offense" under U.S.S.G § 2L1.2(b)(1)(B). He argues that this court would violate Fed.R.Crim.P. 32(i)(3)(B) if it resolved this claim by relying on a transcript of his California guilty plea hearing, which was supplemented into the record over his objection. Because we vacate Gonzalez's sentence due to the mandatory application of the Sentencing Guidelines, it is not necessary to address these arguments. *See United States v. Akpan*, 407 F.3d 360, 377 n. 62 (5th Cir. 2005).

Gonzalez argues that the provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Gonzalez's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gonzalez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gonzalez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

but he raises it to preserve it for further review.

SENTENCE VACATED; CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.